UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Hai Huynh                                              Civil Action No. 04-CV-02578

versus                                                 Judge Tucker L. Melançon

DTG Operations, Inc.                                   Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by defendant DTG Operations, Inc. [Rec. Doc. 18], plaintiff Hai Huynh's Opposition [Rec. Doc. 26], and defendant's Reply [Rec. Doc. 29]. For the reasons stated below, defendants Motion for Summary judgment will be GRANTED.

*I. Background*

On March 23, 2004, Mayo Danny Baudoin rented a 2004 Jeep Liberty from DTG Operations, Inc. d/b/a Dollar Rent-A-Car ("DTG") in Kenner, Louisiana. According to the rental agreement, Baudoin declined supplemental liability insurance at the time of rental. On March 27, 2004, Baudoin was involved in a two-vehicle collision on Highway 14 in Vermilion Parish, Louisiana. The other vehicle was a 1990 Maxima, which was being driven by the plaintiff, Hai Huynh. Suit was filed in this Court on December 23, 2004.[1]

---

[1] Jurisdiction is proper under 28 U.S.C. § 1332, Diversity Jurisdiction. The plaintiff is a citizen of Louisiana, defendant American Family Insurance Co. is a Colorado corporation,

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex Corp.,* 477 U.S. at 324.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is

---

defendant DTG Operations, Inc. is an Oklahoma corporation, and defendant M. Danny Baudoin is a citizen of Colorado. The Court has held that the claim exceeds the statutory minimum amount in controversy of $75,000. [Rec. Doc. 12].

entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. Louisiana Substantive Law is Applicable.

The Court's jurisdiction over this case is based on diversity, and the substantive law of Louisiana shall be applied. *Ideal Mutual Ins. Co. v. Last Days Evangelical Ass'n., Inc.,* 783 F.2d 1234, 1240 (5th Cir. 1986). In its Motion for Summary Judgment, DTG contends that under the Louisiana choice of law code articles, Louisiana is the forum whose policies would be most seriously impaired if its laws were not applied.

> Article 3515, the general choice of law code article, provides:
>
> An issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its laws were not applied to that issue. That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in light of (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of the parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state. LA. CIV. CODE art. 3515.[2]

---

[2] More specifically, Article 3544 governs choice of law issues pertaining to loss distribution and

3

The plaintiff is a citizen of Louisiana. The rental agreement was signed and the contract formed in Louisiana. The accident and the injury occurred in Louisiana. Suit was filed in Louisiana. As a result, the Court finds that Louisiana's policies would be most seriously impaired if its laws were not applied. Not only does Huynh not oppose this conclusion, but plaintiff's counsel relies exclusively on Louisiana statutes and case law. Accordingly, Louisiana substantive law shall be applied.

*IV. Relevant Law and Analysis.*

In its Motion, defendant submits that plaintiff is not entitled to recover against a rental car company based solely on its status as owner of the vehicle involved in the accident. Second, defendant contests plaintiff's claim that a company's self-insured status violates LA. REV. STAT. § 32:866A(1), which bars from recovery any motorist "who fails to own or maintain compulsory motor vehicle liability security." Third, defendant objects to plaintiff's claim that DTG is liable for failing to inquire into the adequacy of the lessee's private insurance coverage.

*A. Louisiana Law Authorizes Rental Car Agencies to Limit or Exclude Financial Responsibility for the Negligent Acts of Lessees.*

---

financial protection. Article 3544 provides that when the parties are domiciled in different states, but the injury-causing conduct and the injury are sustained in one of the parties' domiciles, then that state's laws should be applied.

4

As a general matter, Louisiana law does not impute liability upon rental car agencies "for the negligent actions of a lessee operating the leased vehicle in accordance with the terms of the lease." *Provost v. Unger*, 949 F.2d 161, 166 (5th Cir. 1991). "It is well entrenched in Louisiana law that the negligence of a lessee in the exclusive physical control of the object of the lease cannot be imputed to the lessor." *Cenance v. Tassin*, 869 So.2d 913, 916 (La. App. 4 Cir. 2004) citing *Dixie Drive It Yourself Sys. V. American Beverage Co.*, 137 So.2d 298 (La. 1962). LA. REV. STAT. § 32:1041, known as the Louisiana Motor Vehicle Safety Responsibility Law (LMVSRL), expressly relieves a rental car agency from bearing any financial responsibility for the negligent actions of a lessee operating a rented vehicle in accordance with the lease terms. Specifically, the statute provides that vehicle owners "engaged in the business of renting or leasing motor vehicles . . . shall not be required to furnish proof of its financial responsibility to satisfy any judgment or judgments rendered against the person to whom the motor vehicle was rented or leased at the time of the accident." LA. REV. STAT. § 32:1041. "This statute makes it clear that the legislature did not intend rental agencies to bear the financial responsibility for the negligent actions of a lessee operating the leased vehicle in accordance with the terms of the lease." *Hearty v. Harris*, 574 So.2d 1234, 1242 (La. 1991). If the rental agreement expressly and unambiguously denounces such

protection, the rental car agency is not liable solely because of its ownership interest in the involved vehicle.

The rental agreement executed between Baudoin and DTG clearly excludes any liability coverage. The Rental Agreement Terms provides:

> UNLESS PROHIBITED BY LAW, DOLLAR DOES NOT PROVIDE YOU ANY THIRD-PARTY LIABILITY PROTECTION COVERING THIS RENTAL . . . If Dollar is required by law to provide third-party protection in spite of the terms of this Agreement, it shall be secondary over and above any coverage provided to You or any Additional Authorized Driver(s) under all policies pf insurance, whether such policies are primary or excess policies and, if so imposed, shall only provide such protection in excess of all other coverage in an amount necessary to satisfy the minimum limits required by applicable law or statute. In the event of an accident, You will provide proof of financial responsibility as required by the state in which the accident occurs. WHERE PERMITTED BY LAW, DOLLAR DOES NOT PROVIDE "UNINSURED" OR "UNDERINSURED" MOTORIST OR MOTOR VEHICLE COVERAGE OR SUPPLEMENTARY "NO FAULT" OR OTHER OPTIONAL PROTECTION IN CONNECTION WITH THIS RENTAL AND YOU AND DOLLAR HEREBY REJECT, TO THE EXTENT PERMITTED BY LAW, INCLUSION OF ANY SUCH PROTECTION; IF IMPOSED BY LAW, IN SPITE OF THIS AGREEMENT, SUCH PROTECTION WILL BE IN THE MINIMUM LIMITS REQUIRED BY LAW. (*Defendant's Exhibit 1, Part H*).

Since the Rental Agreement clearly excludes coverage for the lessee's third party liability, the Court finds that DTG is not liable for damages arising out of the negligent acts of the lessee Baudoin.

*B. As a Self-insured Entity, DTG is in Compliance with Louisiana Law.*

Without any valid case law to support his positions, plaintiff relies on legislative and executive intent to argue that liability reaches DTG because it failed to maintain insurance coverage issued by a commercial insurer on its rental vehicles. Plaintiff urges the Court to extend liability to DTG for failing to comply with LA. REV. STAT. § 32:861, et seq. Plaintiff argues that DTG, as a self-insured corporation, should be held liable for its lessees' negligence simply for failing to arrange outside liability insurance in violation of Louisiana law.

Known as the LMVSRL, Louisiana law requires all vehicles to be secured by insurance, bond, deposit, or self-insurance. LA. REV. STAT. § 32:861. DTG is self-insured, as evidenced by the Louisiana Department fo Public Safety and Corrections, Office of Motor Vehicles Self-Insurance Certificate, # 260. *Defendant's Exhibit 3*. Accordingly, DTG is in compliance with the LMVSRL. As the Louisiana Supreme Court has held, "We find no provision in the LMVSRL which expressly requires a self-insured to be responsible for the actions of a person using the vehicle with express or implied consent of the self-insured or the authorized driver. Had the legislature intended for self-insurers to provide omnibus coverage, it could easily have included a mandatory omnibus provision in La. R.S. § 32:1042 which details the requirements and obligations of self-insurers . . . Unless and until the legislature of this state specifically mandates that self-insurers provide omnibus liability on their

vehicles, we will not require self-insurers to provide such coverage." *Hearty* 574 So.2d at 1238-39. Plaintiff's argument directly contrasts Louisiana statutory and jurisprudential tradition. Accordingly, the Court finds that, as a self-insured entity, DTG complied with Louisiana law. No liability exists based on DTG's failure to maintain commercial insurance coverage for its leased vehicle fleet.

*C. Car Rental Agencies Have No Affirmative Duty to Inquire into the Existence of the Lessee's Personal Automobile Liability Coverage.*

Plaintiff lastly contends that DTG should be liable because it failed to investigate whether Baudoin had adequate personal insurance coverage. As a matter of law, Louisiana does not require rental car agencies to verify the existence or the extent of personal liability insurance. *Collete v. Ledet*, 640 So.2d 757, 760 (La. App. 3 Cir. 1994). In *Collete*, the Court held that the agency's failure to confirm liability coverage was not the legal cause of the accident. *Id.* DTG confirmed that Baudoin had a valid driver's license and offered him the option of purchasing supplemental insurance. Baudoin declined the additional insurance. The existence and amount of Baudoin's personal coverage would not have disqualified him from renting the Jeep Liberty. Rather, it would only have influenced a higher rental rate. Accordingly, liability does not extend to DTG for failing to inquire into the extent of the lessee's private insurance coverage.

*IV. Conclusion*

For the reasons stated above, defendant DTG is not financially responsible for the negligent acts of the lessee. Accordingly, defendant's Motion for Summary Judgment will be granted and plaintiff's claims will be dismissed with prejudice.